[No. B127112. Second Dist., Div. Six. Jan. 4, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
EVERADO OBISPO ADAN, Defendant and Appellant.

**COUNSEL**

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COFFEE, J.**—Everado Obispo Adan appeals from the judgment entered after a jury convicted him of workers' compensation fraud. (Ins. Code, § 1871.4, subd. (a)(1).) We affirm and hold, among other things, that the medical experts' testimony to establish that Adan falsified his symptoms

does not violate Penal Code section 29,[1] which prohibits an expert from testifying whether a defendant has the required mental state to commit the crime charged.

*Facts*

In August 1995, Adan's employer terminated his employment. Three days later, Adan claimed that he had injured his back at work. In August Adan began receiving workers' compensation benefits.

In September 1995 Adan told Jorge Reyes, a former coworker, that Adan had claimed to have been hurt at work, but in fact "there was nothing wrong with him." Adan said he was waiting "for a big check to go to Mexico and to live very well there." Adan tried to persuade Reyes to see Adan's lawyer and file a workers' compensation claim, but Reyes refused.

Based on the report of a physician who had examined Adan, the State Compensation Insurance Fund (SCIF) determined that he was permanently disabled and entitled to weekly benefits of $207.42.

Dr. Koegler and Dr. Strait subsequently examined Adan. Dr. Koegler believed that Adan was exaggerating his symptoms. He advised SCIF to investigate whether Adan was malingering. Dr. Strait concluded that Adan was malingering.

Private investigators monitored Adan's activities. They observed that he moved and walked in a "free and easy manner," did not wear a back support, appeared to be in no pain, and walked up and down steps without any assistance. The investigators videotaped their surveillance, and the videotapes were shown to the jury.

I

Adan contends that the trial court violated Penal Code section 29 by allowing Dr. Koegler and Dr. Strait to testify that Adan was malingering. "[S]ection 29 prohibits an expert witness from giving an opinion about the ultimate fact whether a defendant had the required mental state for conviction of a crime."[2] (*People v. Ochoa* (1998) 19 Cal.4th 353, 431 [79 Cal.Rptr.2d 408, 966 P.2d 442].)

---

[1] All further statutory references are to the Penal Code.

[2] Section 29 provides: "In the guilt phase of a criminal action, any expert testifying about a defendant's mental illness, mental disorder, or mental defect shall not testify as to whether the defendant had or did not have the required mental states, which include, but are not limited to, purpose, intent, knowledge, or malice aforethought, for the crimes charged. The question as to

The trial court instructed the jury that the People must prove that Adan knowingly made false statements "with the specific intent to defraud" and for the purpose of obtaining workers' compensation benefits. Neither Dr. Koegler nor Dr. Strait testified that an intent to defraud is an element of malingering. Dr. Koegler testified that "malingering" means "an exaggeration of symptoms in order to secure some type of gain." Dr. Strait testified that Adan "was consciously falsifying his symptoms and findings during the examination." Because the People's experts did not express an opinion that Adan had the required fraudulent intent, their testimony did not violate section 29.[3]

Adan's reliance on *People v. Bledsoe* (1984) 36 Cal.3d 236 [203 Cal.Rptr. 450, 681 P.2d 291], and *People v. Czahara* (1988) 203 Cal.App.3d 1468 [250 Cal.Rptr. 836], is misplaced. *Bledsoe* concerned the admissibility of evidence of rape trauma syndrome to show that a rape had occurred. *Bledsoe* did not interpret section 29.

The defendant in *Czahara* was charged with attempted murder. He contended that the trial court had erroneously excluded psychiatric testimony that he had acted in the heat of passion and that his reaction was objectively reasonable. The appellate court held that, because the psychiatric testimony would have "completely negate[d] malice aforethought," the evidence was inadmissible under section 29. (*People v. Czahara, supra*, 203 Cal.App.3d at p. 1477.) In the instant case, testimony that Adan was a malingerer did not establish the required intent to defraud.

Even if the trial court erred in admitting the testimony, any error was harmless. The evidence against Adan was overwhelming. The exclusion of the experts' testimony would not have detracted from the devastating impact of the videotapes, which disproved Adan's claim of permanent disability. It is not reasonably probable that, in the absence of the alleged error, the jury would have reached a result more favorable to Adan. (*People v. Watson* (1956) 46 Cal.2d 818, 836-837 [299 P.2d 243].)

---

whether the defendant had or did not have the required mental states shall be decided by the trier of fact."

[3]Both Adan and the People assume that section 29 applied to the testimony of Dr. Koegler and Dr. Strait. However, section 29 may have been inapplicable. Section 29 states that it applies when an expert is testifying about "a defendant's mental illness, mental disorder, or mental defect." Dr. Koegler and Dr. Strait did not testify about any mental disability. They testified about Adan's physical condition and whether his reported physical symptoms were genuine or feigned. Because neither party has raised the issue of the applicability of section 29, we do not further consider the issue.

## II

■    Adan contends that the trial court erred in limiting his cross-examination of Dr. Koegler. The trial court has discretion to control cross-examination, and "[o]nly a manifest abuse of the court's discretion will warrant a reversal." (*People v. Beach* (1983) 147 Cal.App.3d 612, 628 [195 Cal.Rptr. 381].)

The court asked Adan to "shy away" from asking questions about his mental state that might elicit a response on "the ultimate issue of fact as to whether his intent was to defraud." The court was concerned that such a response might cause a mistrial.

The trial court did not abuse its discretion. Adan had objected to the admission of opinion evidence on whether he had the requisite mental state. The court acted reasonably in an attempt to prevent questioning that might elicit such an opinion.

## III

The trial court instructed the jury not to consider Dr. Koegler's testimony as evidence that Adan had the mental state necessary for the commission of the charged offense. Adan argues that the instructions were "illogical and confusing." Although Adan suggested that the court "consider perhaps" reading section 29 to the jury, he did not object to the court's instructions, which he characterized as "helpful." Having failed to object, Adan waived any claim of error. (*People v. Bolin* (1998) 18 Cal.4th 297, 326 [75 Cal.Rptr.2d 412, 956 P.2d 374].) Moreover, since the instructions were favorable to Adan, they could not have prejudiced him.

### *Disposition*

The judgment is affirmed.

Gilbert, P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 29, 2000.